## Case No. 14,005.

### THORP et al. v. LAWRENCE.

[1 Blatchf. 351.][2]

Circuit Court, S. D. New York. Oct. Term, 1848.

CUSTOMS DUTIES—GOATS' HAIR PLUSH—MANUFACTURE OF COTTON.

Goats'-hair plush or mohair plush, although composed partly of cotton, falls within the eighth subdivision of section 1 of the tariff act of August 30, 1842 (5 Stat. 549), as a manufacture of "goats-hair or mohair," and is chargeable with a duty of only 20 per cent. ad valorem, and is not subject to a duty of 30 per cent. under the second subdivision of section 2, as a manufacture "of which cotton shall be a component part."

This was an action to recover back the difference between 20 per cent. ad valorem, and 30 per cent., which latter rate was exacted by the defendant [Cornelius W. Lawrence], as collector of the port of New-York, for duties on certain goods imported by the plaintiffs [Andrew Thorp and others], into that port and which they claimed were liable to a duty of only 20 per cent. The duty of 30 per cent. was charged under the second subdivision of section 2 of the act of August 30, 1842 (5 Stat. 549), which imposed that rate on "all manufactures of cotton, or of which cotton shall be a component part, not otherwise specified." The plaintiffs insisted that

---

[2] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the article was chargeable, under the eighth subdivision of section 1 of that act, which imposed a duty of 20 per cent. "on camlets, blankets, coatings, and all other manufactures of goats'-hair or mohair." The goods were entered at the custom-house under the denomination of "plush," and, in the invoice exhibited at the time of the entry, were called, "crimson, blue, and violet Utrecht." They were returned by the government appraisers as composed of cotton, linen, and goats'-hair or mohair, the hair of the goat being known in commerce as mohair. It was proved on the trial, by importers and venders of the article and by cabinet-makers who had occasion to use it in their business, that goods of the same description in all respects had been imported exclusively into the United States prior to the passage of the act of 1842; and that before and since that time the goods were known in trade and commerce, under the name of "goats'-hair plush" or "mohair plush," though they were always composed in part of linen, cotton, or worsted. It was also proved, by the same witnesses, that they had never known any article of commerce to be imported into the United States, prior to the act of 1842 or since that time, composed entirely of goats'-hair or mohair; and several of them who had dealt in camlets and mohair coatings, proved that those goods, as imported into the United States prior to 1842, were always composed in part of worsted. It was also proved, by witnesses familiar with the manufacturing of goats'-hair plush or mohair plush, and who had witnessed the process, that, from the peculiar nature of the mohair, it could not be made into a fabric without a combination with some other material; but the warp must be of cotton, linen, or worsted, while the surface or pile, as it was called, was of mohair; that they never knew of an article being made of mohair exclusively, nor did they believe such an article could be made; and that the value of the cotton or other material other than mohair in the article in question was about ten cents per yard, while the value of the mohair was from two dollars and fifty cents to three dollars and fifty cents per yard. The court instructed the jury, that, if the article in question, though containing cotton or some other material than mohair, was known in trade and commerce, prior to the act of 1842, under the name of "goats'-hair plush" or "mohair plush," and, especially, if there was no manufactured article of commerce, or fabric, composed entirely of goats'-hair or mohair, known or imported into or used in the country before that time, then upon the true construction of the act of 1842, the plaintiffs would be entitled to recover.

The jury found a verdict for the plaintiffs, and, also, specially, under the advice of the court: 1st. That the article in question was known in trade, prior to the act of 1842, as "goats'-hair plush" or "mohair plush," and

was composed sometimes of goats' hair and linen, and sometimes, as in this case, of goats'-hair and cotton; 2nd. That there was an article known in trade prior to the above date, as "camlets" and "mohair coatings," composed of goats'-hair and worsted, and exclusively imported into and used in this country; 3rd. That there was no manufactured article of commerce, or fabric, composed entirely of goats'-hair or mohair, imported into this country or used here prior to the above date or since. The defendant now moved for a new trial.

Francis B. Cutting, for plaintiffs.

Benjamin F. Butler, Dist. Atty., for defendant.

NELSON, Circuit Justice. The jury having found that the article in question was known in commerce, prior to the act of August 30th, 1842, and since, under the denomination of "goats'-hair plush" or "mohair plush," although composed partly of cotton, a duty of 30 per cent. ad valorem was not properly chargeable on it. The act provides for that rate of duty on "all manufactures of cotton, or of which cotton shall be a component part, not otherwise specified." The article, under the finding of the jury, falls within the exception. It is specified in the eighth subdivision of the first section of the act, and the rate of duty is fixed at twenty instead of thirty per cent. as follows: "On camlets, blankets, coatings, and all other manufactures of goats'-hair or mohair, twenty per centum ad valorem." In a commercial sense, and as known to the trade, the article is a manufacture of goats'-hair or mohair, within the meaning of this subdivision. If not, the clause is wholly without meaning, and was enacted without reference to any known article or manufacture in the commercial world; as it was abundantly proved, and was so found by the jury, that, in every manufacture of goats'-hair or mohair, there is necessarily a component part of some other material, such as linen, worsted, or cotton.

This view is confirmed by a reference to the article of "camlets" and "coatings," particularly specified in the same subdivision. These are composed of goats'-hair and worsted, and would fall within the second subdivision of the first section, being composed partly of wool, were they not enumerated in the eighth subdivision. The clause "all other manufactures of goats'-hair or mohair," following this enumeration in the subdivision, was intended to embrace, in general terms, fabrics or manufactures composed of similar materials and partaking of like qualities with those particularly enumerated. The one in question, upon the finding of the jury, comes directly within the description, and is, therefore, chargeable with a like duty. New trial denied.